IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, | Case No.: C-12-01457 JCS |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, GRANTING PLAINTIFF'S MOTION TO REMAND, AND DENYING PLAINTIFF'S REQUEST FOR FEES AND COSTS** |
| v. | |
| BILL A. FUCHS, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff HSBC Bank USA's ("Plaintiff") initiated this unlawful detainer action January 17, 2012 in Contra Costa County Superior Court. Defendant Bill Fuchs ("Defendant"), proceeding pro se, removed this action to federal court on March 22, 2012. Notice of Removal, Dkt. No. 1. Defendant also filed an application to proceed *in forma pauperis*. IFP Application, Dkt. No. 3. Presently before the Court is Plaintiff's Motion to Remand and for Fees and Costs ("Motion"). Remand Motion, Dkt. No. 11. Defendant has not filed an opposition to the Motion. The Court finds that the Motion is suitable for disposition without oral argument pursuant to Local Rule 7–1(b). Accordingly, the hearing on the Motion set for Friday, June 1, 2012 at 9:30 a.m. is VACATED.

For the reasons stated below, the Court GRANTS Defendant's IFP Application, GRANTS Plaintiff's Motion to Remand, and DENIES Plaintiff's request for fees and costs.[1]

## II. BACKGROUND

### A. The Complaint

In the Complaint, Plaintiff alleges that it purchased property known as 2951 Roundhill Road, Alamo, CA 94507 at a foreclosure sale on November 28, 2011. Complaint ¶ 8. On January 9, 2012, after title was perfected, Plaintiff caused to be served on Defendant a three-day Notice to Quit ("Notice"). *Id.* ¶ 9. The Notice instructed Defendant to deliver possession of the premises to Plaintiff within three days after service of the Notice. *Id.* Plaintiff alleges that Defendant failed to comply with the Notice. *Id.* ¶ 11. Plaintiff alleges that the fair market rental value of the property is estimated to be $2,500 per month. *Id.* ¶ 12. The Complaint states on the face page that the amount demanded "is less than $10,000." The Complaint contains a single state cause of action for unlawful detainer.

### B. Defendant's Notice of Removal

On March 22, 2012, Defendant removed this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331 and 1441. Notice of Removal at 2. Defendant contends that "[f]ederal question jurisdiction exists because Defendants' demurrer, a pleading depend [sic] on the determination of Defendants' rights and Plaintiff's duties under federal law." *Id.* at 3. Defendant states he had earlier filed a demurrer, denied by the state court, alleging that the complaint for unlawful detainer was defective. *Id.* at 2-3.

## III. ANALYSIS

### A. Application to Proceed *In Forma Pauperis*

Title 28 U.S.C. Section 1915(a)(1) provides that "[a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

pay such fees or give security therefor." Section 1915 further states that "such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915.

The Supreme Court has held that an IFP applicant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is sufficient if an applicant provides an affidavit stating that because of her poverty, she cannot "pay or give security for the costs" of a suit. *Id.*

The Court has reviewed the IFP Application and finds that Defendant is indigent. Therefore, the IFP Application is GRANTED.

## B. Motion to Remand

### 1. Legal Standard Governing Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332.

Federal question jurisdiction is found only where a federal question appears on the face of a properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule makes the plaintiff the master of his claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance upon state law. *Id.* Further, whether a case arises under federal law does not depend upon matters raised in the answer or in counterclaims. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002).

Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), based on diversity, requires complete diversity of citizenship and an amount in controversy in excess of $75,000. When an action is removed based on diversity, complete diversity must exist at the time of removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d

372, 373 (9th Cir. 1985)). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

### 2. Whether There is Federal Subject Matter Jurisdiction

Plaintiff asserts a single state law claim for unlawful detainer under California Civil Code Section 1161 *et seq*. A plaintiff bringing an unlawful detainer claim is entitled to judgment upon establishing that the property at issue was sold in accordance with California Civil Code section 2924 and that the requisite three-day notice to quit to defendant was served as required in California Code of Civil Procedure Section 1161a. *Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168 (1977)) (Hamilton, J.).

Thus, an unlawful detainer claim such as the one asserted by Plaintiff here does not raise a federal question. *See Litton*, 2011 WL 204322, at *2 (remanding unlawful detainer action to state court based, in part, on lack of federal question jurisdiction); *Wells Fargo Bank, N.A. v. Dimas*, 2012 WL 1424803, at *3-4 (N.D. Cal. Apr. 24, 2012) (Spero, J.). The Court finds no federal question jurisdiction supporting removal.

As for diversity jurisdiction, as noted above, not only must there be complete diversity in citizenship but also the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). The Court finds that there is no diversity jurisdiction in this case because the amount in controversy is less than $75,000. In unlawful detainer actions, "the right to possession alone [is] involved – not title to the property." *Litton*, 2011 WL 204322, at *2 (quotations omitted). Therefore, damages are limited to the rental value of the property during the period of unlawful possession. *Id.* Plaintiff has asserted that the rental value of the property during the period of unlawful possession (less than a week at the time the Complaint was filed) is less than $10,000. Defendant has not disputed that the

1  rental value is less than $75,000.  The Court finds that the amount in controversy requirement is not
2  satisfied.
3        Because the Court concludes that both federal question jurisdiction and diversity jurisdiction
4  are lacking, it grants the Motion to Remand based on lack of subject matter jurisdiction.

### 3. Whether Fees and Costs Should be Awarded

6        Pursuant to 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just
7  costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28
8  U.S.C. § 1447(c).  The Supreme Court has held that, "[a]bsent unusual circumstances, courts may
9  award attorney's fees under § 1447(c) only where the removing party lacked an objectively
10 reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees
11 should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The Court in
12 Martin explained that "district courts retain discretion to consider whether unusual circumstances
13 warrant a departure from the rule in a given case."  *Id.*  In *Lussier v. Dollar Tree Stores, Inc.*, the
14 Ninth Circuit cautioned that "removal is not objectively unreasonable solely because the removing
15 party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is
16 granted."  518 F.3d 1062, 1065 (9th Cir. 2008).  Rather, the objective reasonableness of the removal
17 depends on the clarity of the applicable law and whether such law "clearly foreclosed" the
18 defendant's arguments for removal.  *Id.* at 1066-67.
19       In determining whether to award attorneys' fees in cases involving improper removal by a
20 pro se defendant, courts accord significant weight to the defendant's lack of representation.  *See,*
21 *e.g., OneWest Bank, FSB v. Mohr*, 2010 WL 2721437 (N.D. Cal. July 7, 2010) (declining to award
22 fees despite untimely removal and suggestion of bad faith on basis that unrepresented status of
23 defendants constituted "unusual circumstances;" although it would have been "readily apparent" to
24 an attorney that removal lacked merit, these defendants did not have the "benefit of legal counsel");
25 *Szanto v. Szanto Revocable Trust of 1991*, 2010 WL 2280356 (N.D. Cal. June 7, 2010) (denying
26 motion for fees because defendant's mistake was "understandable" for a pro se litigant); *Citibank*
27 *N.A. v. Ortiz*, 2008 WL 4771932, at *2 (S.D. Cal. Oct. 28, 2008) (declining to award fees "in
28 consideration of Defendant's pro se status"); *J.P. Morgan Chase Bank v. Peterson*, 2005 WL

2334712, at *4 (E.D. Cal. Sept. 21, 2005) (noting court's earlier denial of fees on the basis of defendant's lack of representation).

The Court declines to impose sanctions in this case in light of the fact that Defendant is not represented by counsel and it does not appear that he acted in bad faith.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's IFP Application, GRANTS Plaintiff's Motion to Remand, and DENIES Plaintiff's request for fees and costs. Accordingly, the Court REMANDS the case to state court.

IT IS SO ORDERED.

Dated: May 29, 2012

_____
JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE